```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *

UNITED STATES OF AMERICA      *

                              *

     v.                           CRIMINAL NO.: WDQ-07-0127
                              *

CARLOS WOODS
                              *

                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

On August 8, 2007, Carlos Woods was convicted of two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841. Pending is his motion for new trial. For the following reasons, the motion will be denied.

I.   Motion for New Trial

Under Federal Rule of Criminal Procedure 33, "upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. A motion "grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." *Id*. A motion based on any other ground must be filed

1

within 14 days after the verdict.[1]  *Id*.  Woods argues that he is entitled to a new trial based on newly discovered evidence and the ineffective assistance of trial counsel.[2]

    A.   Newly Discovered Evidence

The "newly discovered" evidence Woods cites is the grand jury testimony of Baltimore City Police Officer, Donald Diehl, who testified for the Government at trial.  Woods contends that this testimony is newly discovered because it was provided by the Government only after Diehl's trial testimony.  He asserts that Diehl's grand jury testimony shows that Diehl perjured himself at trial.  If granted a new trial, Woods argues that he would likely be acquitted because of his ability to impeach Diehl with his grand jury testimony.  "A motion for new trial based on newly discovered evidence should be granted only if (1) the evidence relied on is, in fact, newly discovered; (2) there are facts alleged from which the court may infer due diligence on the part of the movant; (3) the evidence relied upon is not

---

[1] On December 1, 2009, Rule 33's time period was extended from 7 days to 14.  The seven-day period applied when Woods filed his motion.  As the motion was filed on August 16, 2007, it is timely under both versions of the rule.

[2] Woods captions his motion as "a motion for new trial and for new counsel for that trial."  Although he requests appointment of different counsel for the new trial to which he claims entitlement on the basis of newly discovered evidence, he also alleges that trial counsel's errors deprived him of a fair trial.  Thus, the motion will be treated as raising ineffective assistance of counsel as an alternative basis for a new trial.

merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence is of such a nature that it would probably result in an acquittal at a new trial." *United States v. Lofton*, 233 F.3d 313, 318 (4th Cir. 2000) (*quoting United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989)) (internal quotation marks and alterations omitted). As newly discovered impeachment evidence is not a basis for a new trial, Woods's motion must be denied on this ground.

    B.   Ineffective Assistance of Counsel

Although typically raised in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, "[a] claim of ineffective assistance of counsel may be brought as a motion for new trial based on 'other grounds' under Fed. R. Crim. P. 33."[3]

---

[3] In *United States v. Stockstill*, 26 F.3d 492 (4th Cir. 1994), the Defendant filed a motion for a new trial based on newly discovered evidence four months after being convicted. He argued that evidence of ineffective assistance of counsel was newly discovered evidence under Rule 33. The district court applied the Fourth Circuit's five-factor test for assessing new trial motions on the basis of new evidence, and held that evidence of ineffective assistance was not "newly discovered evidence." The court did not apply the two-prong *Strickland* test.

On appeal, the Fourth Circuit agreed that such evidence was not newly discovered evidence, but remanded with instructions to treat the motion as arising under 28 U.S.C. § 2255 "so as to evaluate his ineffective assistance of counsel claims under the criteria set forth in *Strickland*." *Id*. at 494. The Fourth Circuit instructed that the motion be treated as under § 2255 on remand because, under the version of Rule 33 in place at that time, a motion for new trial based on grounds other than newly

*United States v. Smith*, 62 F.3d 641, 650 (4th Cir. 1995). Whether raised on collateral attack or in a motion for new trial, ineffective assistance claims are governed by the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Smith*, 62 F.3d 641 (4th Cir. 1995).

To prove ineffective assistance, Woods must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To show deficient performance, Robinson must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id*. at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

---

discovered evidence was required to have been filed within seven days of the verdict. The Defendant had attempted to avoid the seven-day limitation by arguing that his evidence of ineffective assistance was newly discovered evidence--which under Rule 33 is subject to a three-year limitations period--but the Fourth Circuit rejected that argument, holding that evidence of ineffective assistance is not the type of evidence contemplated by Rule 33. The Defendant's new trial motion was thus untimely. As the time limits set forth in Rule 33 are jurisdictional, the district court could not have considered the Defendant's motion as for a new trial on remand. *See United States v. Smith*, 62 F.3d 641, 648 (4th Cir. 1995).

Here, Woods's motion was timely, and the Court will apply the *Strickland* standard. Thus, the Court will not treat Woods's motion as under § 2255.

4

As noted above, Woods alleges a number of errors by trial counsel, including failure to move for discovery of Diehl's grand jury testimony, to adequately cross-examine witnesses, and to present witness testimony.  Even assuming that these "failures" amount to deficient performance, Woods does not attempt to show that he was prejudiced by them--*i.e.*, that but for the alleged errors, he would have been acquitted.  For example, Woods argues that Diehl's trial testimony conflicted with his grand jury testimony; thus, trial counsel's failure to request the latter prevented effective impeachment of Diehl. But Woods has not stated the alleged inconsistency in Diehl's testimony; he has merely attached a copy of the grand jury transcript with certain portions highlighted and suggested that the Court "think back to the trial [to] see what [Woods is] talking about."  Mot. New Trial 5.  The basis for Woods's allegations that Diehl perjured himself is not evident.  Woods has not established prejudice from trial counsel's alleged failure to request Diehl's grand jury testimony.

Woods offers even less support for his other ineffective assistance claims.  He states that counsel did not "subpoena [any]body" and "didn't want to really question [government

witnesses]." Mot. New Trial 3.[4] Woods does not attempt to explain how these alleged errors prejudiced him, but merely lists them as support for his general claim that counsel "didn't do [any]thing to get ready for trial." These vague allegations do not establish ineffective assistance of counsel.

As Woods has not established his entitlement to a new trial based on newly discovered evidence or ineffective assistance of counsel, his motion will be denied.[5]


February 19, 2010                      _____/s/_____
Date                                   William D. Quarles, Jr.
                                       United States District Judge

---

[4] The Court will construe these alleged errors as failures to present witness testimony and to adequately cross-examine witnesses.

[5] Because Woods's motion was not construed as a motion under 28 U.S.C. § 2255, the Court need not consider whether to issue a Certificate of Appealability.  See Rule 11(a) of the Rules Governing Proceedings Under Section 2255.